UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| GEORGE E. LOVE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-03178 |
| | ) | |
| BRITTANY VANFLEET *et al.*, | ) | |
|     Defendants. | ) | |

### ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Motion to Alter or Amend the Judgment (Doc. 104) under Federal Rule of Civil Procedure ("Rule") 59(e) filed by Plaintiff George E. Love.

I.  **Procedural History**

In August 2022, the Court granted Plaintiff's Motion for Leave to File an Amended Complaint in which Plaintiff alleged constitutional violations at the Peoria County Jail ("Jail"). Specifically, the Court clarified that Plaintiff stated Fourteenth Amendment claims for lack of adequate medical and mental health care, excessive restraints, inhumane conditions of confinement, and mail interference.

The Court subsequently granted the Motions for Summary Judgment filed by Defendants Davis, Eric Harley, Hoffman, and Jewel Sanders (Doc. 71) and Defendants Ashley Jones and Brittany VanFleet (Doc. 79). The Court noted Plaintiff failed to address Defendants supported claim that he did not fully exhaust his administrative remedies before filing suit. Consequently, the Court granted Defendants' respective dispositive

motions and dismissed Plaintiff's pleading without prejudice. *See Hernandez v. Dart*, 814 F.3d 836, 841 (7th Cir. 2016) (concluding the Seventh Circuit will "deem the district court's dismissal without prejudice to be final for the purposes of § 1291 jurisdiction" where, at the time of appeal, "it would be impossible" for the plaintiff "to exhaust his administrative remedies and thereafter amend his complaint.").

## II.     Plaintiff's Post Judgment Filing

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008); *see also Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) ("Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact.").

Plaintiff does not seek reconsideration based on newly discovered evidence. Therefore, the remaining basis Plaintiff must demonstrate to prevail on his Motion for Relief to Alter or Amend the Judgment is to show the Court committed an error of law. A petitioner satisfies this burden by showing that a court disregarded, misapplied, or failed to recognize controlling precedent. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

In his filing, Plaintiff claims he was on lockdown twenty-four hours a day with little to no access to the kiosk required to file grievances throughout November 2021. However, a party may not use Rule 59(e) to present evidence or raise novel legal theories

that could have been presented or raised earlier. *See Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) ("[A] Rule 59(e) motion is not a fresh opportunity to present evidence that could have been presented earlier."); *Russell v. Delco Remy*, 51 F.3d 746, 749 (7th Cir. 1995) ("[T]he rule may not be used to raise novel legal theories that a party had the ability to address in the first instance.").

In granting Defendants' dispositive motions, the Court noted Plaintiff did not address any aspect of their claims. In other words, Plaintiff did not raise the unsupported assertion he now presents to this Court. Accordingly, Plaintiff's Motion to Alter or Amend the Judgment under Rule 59(e) is denied.

**IT IS THEREFORE ORDERED:**

**Plaintiff's Motion to Alter or Amend the Judgment (Doc. 104) under Rule 59(e) is DENIED for the reasons stated.**

ENTERED January 3, 2024.

s/ *Colleen R. Lawless*
_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE